UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHEED SCOTT, SR., <br><br> Petitioner, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., <br><br> Respondents. | No. 2:20-cv-1820 AC P <br><br> ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a former state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.

I.     The Petition

Petitioner alleges that after the parole board found him suitable for parole on July 17, 2014, California Penal Code § 3041(b)(2) required that he be released within 120 days of that decision.  ECF No. 1 at 1-4.  He asserts that his rights were violated when he was held an additional 35 days in custody after the expiration of the 120-day period.  Id.  He seeks relief in the form of compensation for the additional thirty-five days he was held in custody.  Id. at 6.

II.    Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and should be dismissed.

Federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In this case, the only relief petitioner seeks is compensatory damages, which falls outside the scope of habeas.[1] Additionally, a petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Assuming that petitioner is still in custody,[2] he fails to state a cognizable federal habeas claim because his allegations relate only to the interpretation or application of state law. Moreover, he fails to show a violation of the state law that he invokes.

Petitioner argues that under California Penal Code § 3041(b)(2), he was required to be released within 120 days of the parole board hearing at which he was found suitable for parole. However, the statute provides that "any decision of the parole panel finding an inmate suitable for parole shall become *final* within 120 days of the date of the hearing." Cal. Penal Code § 3041(b)(2) (emphasis added). The statute determines only when the parole board's suitability decision becomes final and makes no reference to when an inmate must be released after he is found suitable for parole. More fundamentally, even if the statute should be interpreted as petitioner claims, habeas relief "is unavailable for alleged error in the interpretation or application of state law." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citation omitted); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)).

---

[1] The court declines to offer petitioner the opportunity to convert his claim to a civil rights claim under 42 U.S.C. § 1983 because it does not appear his conviction or sentence have been invalidated. Accordingly, any claim for compensatory damages would be barred by Heck v. Humphrey because success on his claim would "necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994).

[2] Although petitioner is no longer in physical custody, the court assumes for purposes of screening the petition that he is on parole, and a prisoner who is on parole is still considered to be "in custody." Maleng v. Cook, 490 U.S. 488, 491 (1989).

1     Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly
2 assign a United States District Judge to this action.
3     IT IS FURTHER RECOMMENDED that the petition be dismissed.
4     These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
6 after being served with these findings and recommendations, petitioner may file written
7 objections with the court.  Such a document should be captioned "Objections to Magistrate
8 Judge's Findings and Recommendations."  If petitioner files objections, he shall also address
9 whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28
10 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time
11 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
12 Cir. 1991).
13 DATED: January 20, 2021

_(signature)_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE