UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHEED SCOTT, SR., | No. 2:20-cv-01820-TLN-AC |
| Petitioner, | |
| v. | **ORDER** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Respondents. | |

Petitioner Shaheed Scott, Sr. ("Petitioner"), a former state prisoner proceeding *pro se*, has filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 20, 2021, the magistrate judge filed findings and recommendations herein which were served on Petitioner and which contained notice to Petitioner that any objections to the findings and recommendations were to be filed within twenty-one days.  (ECF No. 7.)  On February 8, 2021, Petitioner filed Objections to the Findings and Recommendations (ECF No. 8), which have been considered by the Court.

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore*

1

1   *Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see*

2   *also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed

3   findings of fact to which no objection has been made, the Court assumes its correctness and

4   decides the motions on the applicable law.  *See Orand v. United States*, 602 F.2d 207, 208 (9th

5   Cir. 1979).  The magistrate judge's conclusions of law are reviewed *de novo*.  *See Britt v. Simi*

6   *Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

7       Having reviewed the file under the applicable legal standards, the Court finds the Findings

8   and Recommendations to be supported by the record and by the magistrate judge's analysis.

9       Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has

10  considered whether to issue a certificate of appealability.  Before Petitioner can appeal this

11  decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

12  Where the petition is denied on the merits, a certificate of appealability may issue under 28

13  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

14  constitutional right."  28 U.S.C. § 2253(c)(2).  The Court must either issue a certificate of

15  appealability indicating which issues satisfy the required showing or must state the reasons why

16  such a certificate should not issue.  *See* Fed. R. App. P. 22(b).  Where the petition is dismissed on

17  procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that

18  jurists of reason would find it debatable whether the district court was correct in its procedural

19  ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid

20  claim of the denial of a constitutional right.'"  *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir.

21  2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)).  For the reasons set forth in the

22  Findings and Recommendations (ECF No. 7), the Court finds that issuance of a certificate of

23  appealability is not warranted in this case.

24      Accordingly, IT IS HEREBY ORDERED that:

25      1. The Findings and Recommendations filed January 20, 2021 (ECF No. 7), are

26  ADOPTED IN FULL;

27      2. The Petition is DISMISSED;

28  ///

3. The Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: February 12, 2021

Troy L. Nunley
United States District Judge

3